IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41257
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LION SARMIENTO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CR-11-ALL
--------------------
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Lion Sarmiento appeals his sentence following a guilty-plea
conviction for possession of a firearm by a convicted felon in
violation of 18 U.S.C. § 922(g)(1).  Sarmiento argues that the
district court erred in increasing his base offense level by four
levels pursuant to U.S.S.G. § 2K2.1(b)(5).

    Section 2K2.1(b)(5) provides for a four-level sentencing
increase "[if] the defendant used or possessed any firearm or
ammunition in connection with another felony offense . . . ."
The district court found that Sarmiento sold marijuana to

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

undercover police officers in his home, and that law enforcement agents subsequently found two functional firearms, ammunition for those firearms, and a large quantity of marijuana in Sarmiento's home.  Although the firearms and the large quantity of marijuana were located in different rooms of the house, the firearms "were possessed" by Sarmiento and "could have been used to facilitate" his drug-related activities.  United States v. Armstead, 114 F.3d 504, 512 (5th Cir. 1997) (citing United States v. Condren, 18 F.3d 1190, 1194-98 (5th Cir. 1994)).  Therefore, the district court did not err in increasing Sarmiento's base offense level under U.S.S.G. § 2K2.1(b)(5).  Accordingly, the district court's judgment is

AFFIRMED.